N. SCHUK, GDN., ET AL. *v.* FRANK STOLL, ET AL.

[Abstract Kentucky Law Reporter, Vol 6—365.]

**Sale of Infant's Real Estate.**

Prior to the passage of the act of January 16, 1882, where an action was brought by an infant's guardian against such infant to procure an order to sell its real estate, the infant being less than fourteen years of age, the sale under such order is valid when the infant was actually served with process and a guardian ad litem is appointed to appear for such infant and where an answer was filed for such infant by its regular guardian who was the plaintiff and no guardian ad litem was appointed, if the sale was a fair one, the title conveyed should not be disturbed.

APPEAL FROM CAMPBELL CHANCERY COURT.

November 29, 1884.

OPINION BY JUDGE PRYOR:

N. Schuk as guardian of Frank Stoll and his two sisters filed a petition in equity for a sale of the real estate of his wards making them defendants to the action. Process was executed on the infants and all of them being under fourteen years of age the statutory guardian, who was the plaintiff in the action, was also served with a summons. The infants by their statutory guardian, the plaintiff, filed an answer, or rather the infants filed an answer signed by their statutory guardian. A sale was made and the report of sale confirmed. Commissioners were appointed to make report and to value the property sold as well as the estate of the infants, and a bond was executed, and all the requirements of the statute complied with.

After the confirmation of the sale the purchaser erected valuable buildings on the property having entered into the possession.

At a subsequent term and after the sale had been confirmed the court of its own motion, or at least against the wishes of the statutory guardian and the purchaser, set aside the sale on the ground that it was void. A guardian ad litem was first appointed to ascertain the rights of the parties, and the necessity for a sale, who reported in substance that the interest of the infants required a sale and that the property brought its fair value.

The order of sale was adjudged to be void for the reason that the infants were not before the court or properly served with process. This proceeding was instituted and the summons served on the infants prior to the passage of the act of January 16th, 1882, authorizing the clerk where the infant was under the control of the party suing to appoint a guardian ad litem for the infant upon whom the process should be served, and that guardian is required to make defense. That act was intended to remedy that provision of the Code where in following its literal construction it was necessary to serve process for the infant on the party who had brought the action against the infant. This court in deciding a similar question prior to the act of January 16, 1882, where the party suing the infant was the guardian, and the infant being under fourteen years of age, process had to be served on the guardian and this court having theretofore held that such a process was ineffectual adjudged that in such a case the ancient practice of actual service on the infant and the appointment of a guardian ad litem to defend

should be resorted to. If the services for the infants on the guardian was void, it necessarily followed that the ancient practice as to the mode of bringing an infant before the court should be adopted. Here as in the case referred to, the infants were brought into court by the actual service of process and although the answer of the guardian in their behalf who had sued them amounted to nothing, being properly in court a judgment ordering the sale was not void but voidable. The failure to appoint a guardian ad litem was only erroneous, and the sale passed to the purchaser the absolute title.

The sale was a fair one. The property sold for its value and the sale should not have been disturbed. The fact that the appellant had erected a building on the premises can not affect the question if the sale is void. We are satisfied however that the purchaser is entitled to a conveyance by the commissioner upon the payment of the purchase money.

The judgment is *reversed* and cause remanded for proceedings consistent with this opinion.

*J. Creutz, for appellants.*

*John S. Ducker, for appellees.*